IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|  |  |
|---|---|
| ROANN K. S., <br><br> Plaintiff, <br><br> vs. <br><br> ANDREW M. SAUL, Commissioner of Social Security, <br><br> Defendant. | CV 19-09-M-KLD <br><br><br> ORDER |

On October 7, 2019, the Court entered judgment reversing the Commissioner's decision denying Plaintiff's application for Title II disability insurance benefits and remanding this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). On October 30, 2019, the Commissioner filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).

Reconsideration under Rule 59(e) "is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Martin v.* Colvin, 2015 WL 6690409 *1 (E.D. Cal. Oct. 30, 2015) (quoting *Carroll*

*v. Nakatani*, 32 F.3d 934, 945 (9th Cir. 2003). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Martin*, 2015 WL 6690409 *1 (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008)). A Rule 59(e) motion should be granted when the court is "presented with newly discovered evidence, committed clear error, or it there is an intervening change in the controlling law." *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003).

The Commissioner argues it was clear error for this Court to conclude that the ALJ should have developed the record further and to remand this case for the purposes of obtaining a consultative physical examination. The Commissioner cites regulations providing that the residual functional capacity finding is an administrative finding, reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(2). The Commissioner also points to regulations stating that "the administrative law judge or the administrative appeals judge at the Appeals Council (when the Appeals Council makes a decision) is responsible for assessing [the claimant's] residual functional capacity." 20 C.F.R § 404.1546(c).

Consistent with these regulations, the Ninth Circuit has held that "it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity." *Vertigan v. Halter*, 26 F.3d 1044, 1049 (9th Cir. 2001). "In

addition, the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm's Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015).

The Commissioner argues these well-established principles demonstrate that the Court committed clear error in remanding this case for the purpose of obtaining a consultative physical examination. The Commissioner maintains there was sufficient evidence in the record for the ALJ to accurately assess Plaintiff's physical residual functional capacity and takes the position that the ALJ was not required to develop the record further by obtaining a physical capacity examination.

The Court recognizes that the ALJ is responsible for making the residual capacity finding, which often requires translating medical opinions and clinical findings into specific functional limitations. As set forth in the remand order, however, the Court disagrees with the Commissioner as to the sufficiency of the medical evidence regarding Plaintiff's physical limitations. In moving to alter or amend that order pursuant to Rule 59(e), the Commissioner is essentially seeking to relitigate matters already ruled on by the Court. The Commissioner has not shown that it was clear error for the Court to remand this matter for the ALJ to further develop the record by obtaining a consultative physical examination for the

purposes of identifying Plaintiff's specific physical abilities and limitations.

Accordingly,

IT IS ORDERED that the Commissioner's motion to alter or amend the judgment is DENIED.

DATED this 14th day of November, 2019

Kathleen L. DeSoto
United States Magistrate Judge